JUDGE NATHAN

12 CV 3051

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
OSCAR BATISTA,

        Plaintiff,

-against-

THE CITY OF NEW YORK, IVAN VELARDE,
and JOHN DOE,

        Defendants.
---------------------------------X

COMPLAINT

PLAINTIFF DEMAND
A TRIAL BY JURY

RECEIVED APR 18 2012 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff Oscar Batista, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

    1.    At all times hereinafter mentioned plaintiff Oscar Batista was an adult male and a resident of Bronx County in the State of New York.

    2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

    3.    At all times hereinafter mentioned, defendant Ivan Velarde, whose shield number was/is 09290, was a member of the NYPD, and was employed, retained, trained and supervised by New York City. Velarde is sued herein in his official and individual capacities.

    4.    At all times hereinafter mentioned, defendant John Does was a

member of the NYPD whose identity is not presently known by plaintiff, and was employed, retained, trained and supervised by New York City. The Doe defendant is herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where three of the plaintiffs and defendant City of New York reside, and where the events complained of herein occurred.

## RELEVANT FACTS

7. On or about October 24, 2009, at or between 7:30 and 8:00 p.m., plaintiff was lawfully present on the fourth floor at 1135 Boynton Avenue in Bronx County, where he was visiting a friend in Apartment 4E.

8. The defendants, Velarde and John Doe, arrived at the fourth floor at or around the same time plaintiff was entering Apartment 4E.

9. Both defendants were wearing NYPD uniforms, were on duty, and were acting in their capacity as members of the NYPD.

10. Plaintiff, who was just inside the door to the apartment, heard somebody speaking in the hall and turned to face the door. As he did so, defendant Velarde, with full knowledge that plaintiff was immediately behind the door, kicked, or otherwise violently propelled the door open, causing it to swing forcefully into the apartment.

11. The apartment door struck plaintiff in the face and caused plaintiff to

strike his head against the wall. Velarde had to know that the door would strike plaintiff when he kicked the door open.

12. The defendants then entered the apartment, guns drawn.

13. Plaintiff was taken to the hallway, placed on his knees, handcuffed and arrested. Plaintiff was imprisoned first at a local area NYPD station house, and later at Bronx County Central Booking.

14. Plaintiff was later arraigned and charged with trespassing, resisting arrest, and possession of marijuana.

15. These charges were based entirely on the sworn statement of defendant Velarde, as reported to another officer, in which he claimed that plaintiff admitted that he was not a resident of and did not know anyone in the building. Verlarde further alleged that plaintiff fled from him, and that he was found with a small bag of marijuana on his person.

16. These charges were adjourned in contemplation of dismissal, and eventually dismissed on December 14, 2011.

17. The factual allegations made by Velarde were materially false and defendant knew them to be false at the time they were made.

18. Not only was plaintiff was lawfully present in the building, Velarde had to know that this was so, as he encountered plaintiff after he had been given admission into apartment 4E, and was seized from inside his friend's apartment. Moreover, plaintiff never fled from the defendants and was no in possession of marijuana.

19. All allegations to the contrary were false, and made by Velarde to cover

3

up and justify the arrest of plaintiff and the injuries plaintiff suffered as a result.

20. As a direct result of defendants' unlawful actions, plaintiff suffered various physical injuries, including a facial laceration requiring stitches, as well as an assortment of other emotional and physical injuries, including an exacerbation of existing psychological injuries.

21. At no time did the defendants have sufficient legal cause to detain, seize or arrest plaintiff, nor was there a reasonable basis for defendants to believe that such cause existed.

22. At no time did the defendants have sufficient legal cause to utilize any level of force against plaintiff, much less the amount of force actually employed, nor was there a reasonable basis for defendants to believe that such cause existed.

23. At no time did defendant John Doe take any steps to intervene in, prevent, or otherwise limit the unlawful and unconstitutional conduct of Velarde.

24. At all times relevant herein, the defendants, including the Doe defendants, were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION

25. Plaintiff repeats the allegations contained in paragraphs "1" through "24" above as though stated fully herein.

26. Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such

cause existed.

27.   Defendants willfully and intentionally subjected plaintiff to excessive force by employing more force than reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was appropriate, reasonable, lawful or necessary.

28.   By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, deprivation of due process, and excessive force, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

29.   By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

30.   Plaintiff repeats the allegations contained in paragraphs "1" through "29" above as though stated fully herein.

31.   Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

32.   Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of

the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

33. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

34. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

35. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a.    Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b.    Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c.    Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d.    Retaliating against officers who report police misconduct; and

    e.    Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

43.    The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

    a.    *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

    b.    *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c.    *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

    d.    *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

    e.    *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

    f.    *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    g.    *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.);

    h.    *Carmody v. City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.    *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent v. City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k. *Smith v. City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l. *Powers v. City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m. *Dotson v. City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n. *Nonnemann v. City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o. *Richardson v. City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p. *Barry v. New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q. *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

r. *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s. *Ariza v. City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.);

44. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

8

45. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

46. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

47. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action actual damages in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
January 17, 2012

REIBMAN & WEINER

By: _____
Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743